### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                                     **NO. 4:21-CR-92**

**CLARENCE LAMAR BUCK**

### ORDER

On March 28, 2023, a federal jury found Clarence Lamar Buck guilty of four counts of distributing methamphetamine and one count of possessing a firearm as a felon. Doc. #94; *see* Doc. #39. Buck's sentencing hearing is currently set for September 27, 2023.[1] Doc. #121. On or about August 21, 2023, Buck, who always has been represented by appointed counsel throughout these proceedings,[2] filed a pro se motion "for a Order Request By the United States Justice Department to Investigate Several Matters Concerning His Criminal Federal Indictment" and "request[ing] a Full Investigation be done by the United States Justice Department because Violations of [his] Substantial and Constitutional Rights are at Stake as Well as his Life and Liberty."[3] Doc. #118. In support of such relief, Buck asserts:

(1)     [His] 4th Constitutional Amendment Right have been violated
(2)     Ineffective Assistance Counsel and Ineffective Assistance Trial Counsel
        (a) Fail to Call Proper Witnesses for [His] Trial
        (b) Fail to File Proper Pre Trial Motions
        (c) Fail to File Objections to Pre Sententence Investigation Report

---

[1] The sentencing hearing was initially set for August 14, 2023, before United States Senior District Judge Neal B. Biggers. Doc. #112. Judge Biggers presided over this case until it was reassigned to the undersigned on August 14, 2023. Doc. #116.

[2] The Federal Public Defender was initially appointed to represent Buck. *See* October 13, 2021, text order; Doc. #8. The Court subsequently appointed Buck three different attorneys—each in substitution of the former. *See* Docs. #34, #60, #74. The last attorney appointed to represent Buck moved to withdraw on March 21, 2023 (a week before trial), but withdrawal was denied. Docs. #83, #86.

[3] The motion is titled, "Motion for Order Request." Doc. #118.

*Id.* at PageID 362–63.[4]

To the extent Buck seeks relief from this Court based on claims of a Fourth Amendment violation and ineffective assistance of counsel,[5] his bald and conclusory assertions are insufficient to warrant relief.[6] *See United States v. Hardnett,* No. CR 17-161, 2023 WL 2702562, at *8 (M.D. La. Mar. 29, 2023) (conclusory implied claim of Fourth Amendment violation denied); *id.* at *10 ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)); *Noble v. Dir., Tex. Dep't of Crim. Just.*, No. 2:18-cv-195, 2021 WL 3176029 (N.D. Tex. June 21, 2021) ("Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* [ineffective assistance of counsel] test.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).  For these reasons, Buck's pro se motion [118] is **DENIED without prejudice**.[7]

**SO ORDERED**, this 26th day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] All spelling, grammar, and punctuation errors in the quoted text are contained in the pro se motion.  *See* Doc. #118 at PageID 362–63.

[5] At least one of Buck's assertions regarding his claim of ineffective assistance of counsel—that objections to the presentence report were not filed on his behalf—is patently inaccurate.  *See* Doc. #113 ("Defendant's Objections to the Presentence Report" filed July 25, 2023).

[6] And to the extent Buck, while represented by counsel, attempts to raise a constitutional violation claim based on something other than ineffective assistance of counsel, such is deemed an attempt at hybrid representation and will not be considered.

[7] This ruling in no way means that if Buck's assertions were not conclusory he would be entitled to the requested relief.